UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                             **Hon. Hugh B. Scott**

v.

                                             06CR90A

                                             **Order**

WILLIAM RAMIREZ,
NICHOLAS WALENKA,
RANDY KRYSTOF,

                Defendants.

This matter has been referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 20). The instant matters before the Court are defendant William Ramirez' (Docket No. 21[1]) and defendant Randy Krystof's (Docket No. 26[2]) omnibus motions, and the Government's cross-motions for production under Federal Rule of

---

[1] In support of this motion, Ramirez filed the motion with counsel's affirmation, Docket No. 21. The Government filed an affidavit in opposition to this motion, Docket No. 22.

[2] Krystof attempted to file this motion, see Docket Nos. 23, 24, but his moving papers did not comply with this Court's electronic case filing rules. The earlier attempts at this motion are hereby **terminated** and the Court will focus on the correctly filed motion, Docket No. 26.
    In support of this motion, Krystof filed the motion with defense counsel's affirmation, Docket No. 26. In opposition, the Government filed an affidavit, Docket No. 30.

Criminal Procedure 16(b) (Docket No. 22, Gov't Atty. Aff. ¶ 23 (Ramirez), Docket No. 30, Gov't Atty. Aff. ¶ 22 (Krystof)).

## BACKGROUND

A criminal Complaint was filed against Ramirez, defendant Nicholas Walenka, and a third person (Paul Frontuto) on February 23, 2006. At a preliminary hearing on March 13, 2006, this Court found that the Government had not met its burden as to Ramirez. The Government indicated that it intended to proceed to the grand jury. (Docket No. 5.) Ramirez, Walenka, and Krystof were indicted in a five-count indictment on March 28, 2006 (Docket No. 6). Count one charged Ramirez and defendant Nicholas Walenka with conspiracy to distribute a controlled substance (50 grams of cocaine base), in violation of 21 U.S.C. § 846; counts two and three charged Ramirez and Walenka with unlawfully possessing with intent to distribute cocaine base in February 2006, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2 (Docket No. 6). Count four alleged that, on or about March 22, 2006, Krystof knowingly and unlawfully caused, attempted to cause, and threatened to cause bodily injury to a person known to the grand jury with the intent to retaliate against that person, in violation of 18 U.S.C. §§ 1513(b)(2), and 2 (id.). The fifth count alleged Krystof entered into a conspiracy with unnamed others (on or about March 12, 2006) unlawfully to conspire to threaten bodily harm to a person known to the grand jury, in violation of 18 U.S.C. § 1513(e) (id.).

Krystof was arraigned before Magistrate Judge Foshcio on March 29, 2006 (Docket No. 7), which was adjourned to be continued. On April 21, 2006, Ramirez was arraigned before Magistrate Judge Schroeder and entered a not guilty plea (Docket No. 15). Non-moving defendant Walenka was arraigned on April 3, 2006 (Docket No. 9). This Court then entered a

scheduling Order, on May 30, 2006, as to all three defendants, with motions due by June 29, 2006, argument initially set for July 27, 2006 (Docket No. 19; see also Docket No. 28), with time excluded under the ends of justice exclusion of the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A); see id. § 3161(h)(1)(F) (motion exclusion).

Ramirez moved for various forms of relief, including severance from his co-defendants and for the Government to provide a Bill of Particulars (Docket No. 21). Krystof moved for similar relief (Docket No. 26).

The Government responds to both motions by claiming that it provided sufficient materials in discovery that, coupled with the Indictment, the charges against both defendants are clear enough to not require a Bill of Particulars. The Government opposes severance. (Docket Nos. 22, 30.)

The motions were argued on August 15, 2006, and then were deemed submitted (text docket entry, Aug. 15, 2006).

## DISCUSSION

I.   Bill of Particulars

Both Ramirez and Krystof seek Bills of Particulars. Ramirez wants identified the names of his codefendants and to avoid double jeopardy by a bill of particulars. Krystof wants the details of the alleged intimidation (when, where, what acts, to whom) in order to raise a possible alibi defense. The Government responds to both movants that the indictment and voluntary discovery disclose sufficient information to not warrant Bills of Particulars (Docket Nos. 22, Gov't Atty. Aff. ¶¶ 11-17; Docket No. 30, Gov't Atty. Aff. ¶¶ 13-16). The Government argues that if the information sought in the Bill is provided from other sources, then the Bill of

Particulars is not needed (id., Docket No. 22, ¶ 12), United States v. Bortnovsky, 820 F.2d 572 (2d Cir. 1987).  Since a Bill of Particulars would confine the Government's proof to the particulars furnished, the Government argues that the Bill would unduly restrict its presentation of the case (id., Docket No. 22, ¶ 15).

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars.  Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial.  United States v. Torres, 901 F.2d 205 (2d Cir. 1990).  The Government is not obligated to "preview its case or expose its legal theory" United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977), nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967).  Notwithstanding the above, there is a special concern for particularization in conspiracy cases.  United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

   A.   Ramirez

Upon review of the indictment, the Court finds that Ramirez is not entitled to a Bill of Particulars inasmuch as the defendant is sufficiently advised of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendant from double jeopardy.  Thus, Ramirez' motion here is **denied**.

   B.   Krystof

As for Krystof, the Government contends that it provided (through the Indictment and voluntary discovery) sufficient information that a Bill of Particulars is not needed (Docket

No. 30, Gov't Atty. Aff. ¶ 13), including furnishing to defense counsel Krystof's statement to the Buffalo Police Department and local charging documents (id.). Krystof argued, however, that he was not furnished with this material (in particular, the local charging documents and his statements to the Buffalo Police Department). The Indictment charges two instances of witness intimidation with no direct connection expressed with the drug conspiracy counts alleged against Ramirez and Walenka. It is only in the Government's response to this motion where there is alleged the connection between Krystof and his alleged conduct and the alleged drug conspiracy, that Krystof acted to retaliate against persons believed to have provided information concerning the criminal activities of the codefendants (id. ¶ 21). In the absence of full disclosure as represented by the Government, Krystof needs particulars in order to avoid surprise at trial and to defend himself. Therefore, Krystof **is** entitled to a Bill of Particulars.

II.   Severance

Both moving defendants seek severance. Federal Rule of Criminal Procedure 14 provides that a Court may grant a severance if a defendant or the Government is prejudiced by the joinder of defendants for trial. The decision to grant a severance "is committed to the sound discretion of the trial judge," United States v. Scarpa, 913 F.2d 993, 1014 (2d Cir.) (internal quotation and citations omitted) (emphasis added), cert. denied, 498 U.S. 816 (1990). In any event, such motions are more appropriately heard and determined by the trial court, which is in the best position to rule on the issues presented. See United States v. Hennings, No. 95CR10A, 1997 WL 714250, at *4 (W.D.N.Y. Oct. 20, 1997) (Heckman, Mag. J.) (Report & Recommendations, adopted by Arcara, J.).

III.    Discovery

Both movants seek production of Jencks Act material and (through Ramirez' joinder in Krystof's motion, Docket No. 21, Def. Ramirez' Atty. Affirm. ¶ 32) Brady material, expert disclosure, preservation of notes and impeachment information. Ramirez also seeks Giglio material from informants granted immunity and the identity of informants (Docket No. 21). Krystof seeks production of documents surrounding state court charges related to this prosecution as well as possible wiretaps that the Government has not produced (Docket No. 26).

Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act (18 U.S.C. § 3500).

A.    Jencks Act Material

The moving defendants seek immediate disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500. The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses. Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until after the witness has testified at trial. In this case, the Government has agreed to disclose this information at the pretrial conference (Docket No. 22, Gov't Atty. Aff. ¶ 5; Docket No. 30, Gov't Atty. Aff. ¶ 9). The moving defendants have not established that prior disclosure of Jencks material is essential to the preparation of a defense in this case.

B.   Brady Material

Both moving defendants have requested that the Government disclose all materials potentially favorable to each of them, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

The moving defendants' motions identify numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government's written responses are, that it does not have "exculpatory" material for either defendant, but will produce such material it obtains (Docket No. 22, Gov't Atty. Aff. ¶ 8; Docket No. 30, Gov't Atty. Aff. ¶ 10).

The Jencks Act relates only to "statements" made by Government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. United States v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979); but see United States v. Presser, 844 F.2d 1275 (6th Cir. 1988) (the Government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials

withheld by the Government may be considered both <u>Brady</u> and Jencks material. Certainly "impeachment <u>Brady</u>" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie <u>Brady</u> mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined <u>Brady</u>/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided." <u>United States v. Percevault</u>, 490 F.2d 126 (2d Cir. 1974); <u>United States v. Green</u>, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) is sufficient in this case.

    C.    Expert Disclosure

Pursuant to Rule 16(a)(1)(E), Ramirez and Krystof each seek a written summary of any expert testimony that the Government intends to use in its direct case, along with the expert's qualifications, and the basis for the expert's opinion, whether or not the expert files a report.

The Government fails to directly respond to this request in any way. Therefore, this request is **granted**.

D.	Impeachment Information

The Government offers to disclose conviction records of all witnesses it intends to call at trial, as well as provide the defendants' arrest records (Docket No. 30, Gov't Atty. Aff. ¶ 8).

E.	Giglio Material

Ramirez seeks Giglio material (Docket No. 21, Def. Atty. Affirm. ¶ 6).  Again, the Government contends that it does not have exculpatory material but intends to provide it should it obtain any (Docket No. 22, Gov't Atty. Aff. ¶ 8).

F.	Informant Information

Ramirez also seeks information about informants (Docket No. 21, Def. Atty. Affirm. ¶¶ 21-24).  The Government is not required to furnish the identities of informants unless it is essential to the defense.  Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988).  Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial.  United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990).  Moreover, the Government has stated that it believes that disclosure of the informants' identification would subject the informant to personal danger from retribution by the defendant and others.

Ramirez has not established that the pre-trial disclosure of the identities of any informants is essential to his defense.  This request is **denied**.

G.	Government's Cross-Motions

Included in its responses to the moving defendants' motions, the Government moves to inspect materials defendants intend to introduce as evidence in chief (Docket No. 22, Gov't Atty. Aff. ¶ 23 (Ramirez), Docket No. 30, Gov't Atty. Aff. ¶ 22 (Krystof)).  That request is **granted**.

**CONCLUSION**

Based upon the above, defendant Ramirez' omnibus motion (Docket No. 21) is **granted in part, denied in part** and defendant Krystof's omnibus motion (Docket No. 26) is **granted in part** as indicated in the Order above.  The Court defers ruling on the moving defendants' respective motions for severance and those motions will be considered by the trial judge for this case.  Krystof's earlier attempts at filing this motion (Docket Nos. 23, 24) are **terminated**.  The Government's cross-motions for production under Rule 16(b) (Docket Nos. 22, 30) are **granted**.

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 14, 2006